———o———

## Anson Palmiter v. The Pere Marquette Lumber Company.

*Corporations : Declaration : Averment of corporate existence.* In suits instituted by a corporation the general allegation that it is a corporation under the laws of the state is a sufficient averment of corporate existence.

*Transfer of cause : Conditional order : Condition unperformed.* An order based upon a stipulation for the transfer of the cause to another circuit, which was conditional upon the defendant's perfecting a transfer of the papers at his own cost within thirty days, is of no force after the expiration of the limitation without performance of the condition.

PALMITER *v.* PERE MARQUETTE LUMBER COMPANY.

*Transfer of cause: Error of opinion: Jurisdiction.* The fact that the commissioner who had granted the original order was applied to and declined to make a further order of transfer after the expiration of the thirty days, on the sole ground that he considered the previous order in force, is immaterial; an error of opinion on his part in this regard can have no influence in determining the question of jurisdiction.

*Submitted on briefs January 8.     Decided January 19.*

Error to Mason Circuit.

This was an action of ejectment brought by defendant in error against Palmiter, in which the plaintiff below obtained judgment.     The defendant below moved to set the judgment aside on the ground of want of jurisdiction to try the cause for the reason that it had been transferred to another circuit.     This motion being denied, defendant brought error.

*S. W. Fowler,* for plaintiff in error.

*White & Haight,* for defendant in error.

COOLEY, J.

There is nothing in the objection that the corporate existence of the plaintiff below was not sufficiently alleged. The authorities relied upon by plaintiff in error have no relevancy.     They relate to cases where the corporate existence is in issue, which is not the case here.     If an association purporting to be a corporation is called upon to show by what authority it assumes to exercise the franchise, it must do so with distinctness and particularity (*People v. De Mill, 15 Mich., 164*); but in suits instituted by itself the general allegation that it is a corporation under the laws of the state is sufficient.     This is the general rule, and the present case is clearly within it.

It is objected that the cause was transferred from Mason to Muskegon county previous to being brought to trial in Mason, and that consequently the action of the circuit court in Mason county was without jurisdiction.     It seems that

an order was actually made for a transfer, but it was based on a stipulation of the parties, and was conditional on the defendant below perfecting a transfer of the papers at his own cost within thirty days. The condition was not complied with, and the order became of no force. It is true that the commissioner makes affidavit that after the expiration of the thirty days he declined to make an order of transfer, on the ground that he considered the previous order in force, but an error of opinion on his part in this regard can have no influence in determining the jurisdiction of the court. The parties themselves fixed the terms on which the case was to be transferred, but the condition was not observed.

The judgment must be affirmed, with costs.

GRAVES, CH. J., and CAMPBELL, J., concurred.

CHRISTIANCY, J., did not sit in this case.